# Exhibit H



**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
90 CHURCH STREET
NEW YORK, NY 10007

http:/nyc.gov/nycha

**LISA BOVA-HIATT**
Interim Chief Executive Officer
**DAVID ROHDE**
Interim Executive Vice President for Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 776-5183

September 21, 2022

*Via E-mail*
Neelu Pathiyil, Esq.
Manhattan Legal Services
1 West 125th Street, 2nd Floor,
New York, NY 10027
npathiyil@lsnyc.org

  Re: *Reasonable Accommodation Request for Mark Liboy*

Dear Ms. Pathiyil:

  I am counsel for the New York City Housing Authority ("NYCHA"). I write in response to your letter, dated September 13, 2022, requesting that NYCHA provide an accommodation to Mark Liboy, a tenant currently residing at Baychester Houses, which converted from public housing to project-based Section 8 through PACT in 2018. Mr. Liboy seeks a transfer because he and his brother have mobility impairments and would like to reside closer to their medical providers.

  As you acknowledge in your letter, NYCHA previously granted Mr. Liboy's March 3, 2022 reasonable accommodation request, in which he sought a "larger voucher size due to a disability," on May 12, 2022, by increasing his voucher size from a one-bedroom to a two-bedroom voucher in order to afford him sufficient space for physical therapy. In addition, in response to an inquiry from Legal Services NYC, NYCHA informed Mr. Liboy that it would approve a request for a transfer voucher in order to enable him to lease a unit (at which he will continue to receive a NYCHA-administered federal housing subsidy) in closer proximity to his medical providers, and it provide Mr. Liboy with a tenant-based transfer voucher request form on May 20, 2022. Neither Mr. Liboy nor his Legal Services NYC attorney indicated they were unsatisfied with this response, and NYCHA issued Mr. Liboy the tenant-based transfer voucher on June 8, 2022. The voucher does not expire until December 5, 2022.

  However, even though you do not indicate in your letter whether Mr. Liboy has even attempted to locate an apartment in the three months since NYCHA issued the transfer voucher, you now speculate it is not "realistic" for Mr. Liboy to locate an apartment that accepts Section 8 vouchers due to income-based discrimination, his mobility impairments, and rent inflation. In order to alleviate your concerns, NYCHA is reaching out to Mr. Liboy's current Property Manager, C+C Management, to see if it has any available non-PACT two-bedroom apartments in lower Manhattan or western Brooklyn at which he can use his transfer voucher. In addition, NYCHA can connect Mr. Liboy to the Mayor's Office of Public Engagement, which can help Mr. Liboy locate a suitable apartment by sending available apartments to him based on the size of his voucher and his location preferences as they come online, scheduling viewings, interfacing with the landlord, and assisting as he leases up with his voucher. Finally, as an

accommodation of Mr. Liboy's disabilities, NYCHA can agree to (1) pay the fee for a broker, if necessary, who can assist Mr. Liboy in locating a suitable unit at which he can use his tenant-based voucher, and (2) increase the Voucher Payment Standard for the household in order enable NYCHA to subsidize a rental up to 120% of the fair market rent ("FMR").[1] This will allow Mr. Liboy to lease an apartment that rents for as much as $2,808[2] in order to reside closer to medical providers in lower Manhattan or western Brooklyn.

You contend that the issuance of the tenant-based transfer voucher is insufficient and instead insist that Mr. Liboy be transferred to "another PACT/RAD or other development within NYCHA's portfolio." The disabilities laws, however, do not require government agencies to provide individuals with the particular accommodation requested "so long as the accommodation provided is reasonable." *Fink v. New York City Dep't of Pers.*, 53 F.3d 565, 567 (2d Cir. 1995); *see also Cole v. Goord*, 2009 WL 2601369, at *8 (S.D.N.Y. Aug. 25, 2009) ("Defendants are correct that, as long as they reasonably accommodated [plaintiff's] disability, they need not provide him with the exact accommodations he demanded."); *Krikelis v. Vassar Coll.*, 581 F. Supp. 2d 476, 487-88 (S.D.N.Y. 2008) (granting summary judgment in favor of employer in part because an employer is not required to provide the precise accommodation requested by an employee); *Spychalsky v. Sullivan,* 2003 WL 22071602 (E.D.N.Y. Aug. 29, 2003) (stating that "a disabled plaintiff is not entitled to have all of his proposed accommodations adopted, immediately or otherwise, so long as the offered accommodations are 'reasonable').[3] It is NYCHA's position that it has offered to provide Mr. Liboy with an accommodation that is reasonable, and it therefore is not required to offer him the specific accommodation you demand. A tenant-based transfer voucher allows Mr. Liboy to relocate to the neighborhood of his choice while continuing to receive federally subsidized housing under the Section 8 program, and an adjustment to the Voucher Payment Standard, in combination with the rental search assistance and waived broker's fee discussed above, will reduce the hypothetical obstacles identified in your letter. *See Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 302 (2d Cir. 1998) (holding an accommodation may be reasonable even if it requires some work from the individual seeking the accommodation, and even if exercising that accommodation comes along with some difficulty).

Please let me know if there are potential alternative accommodations, besides transferring Mr. Liboy to another unit in a PACT or NYCHA public housing development, that may assist with his condition.

Respectfully,

*Andrew M. Lupin*

---

[1] In accordance with HUD 24 CFR §982.503(a), NYCHA "must adopt a payment standard schedule that establishes voucher payment standard amounts for each FMR area in the PHA jurisdiction." This rate is to be used to calculate monthly housing assistance payments and must be established within the 90%-110% range of the jurisdiction's FMR. NYCHA's current Voucher Payment Standards are set at 108% of the 2022 HUD FMR rates for the New York City Metro Area.

[2] In your letter, you claim a two-bedroom tenant-based voucher covers a maximum rent of $2,217. However, the current Voucher Payment Standard for a two-bedroom apartment – without the accommodation discussed above – covers a maximum rent of $2,527.